**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**B/E AEROSPACE, INC.**,
a Delaware corporation,

Plaintiff,

vs. **Case No: 6:08-cv-1906-Orl-28KRS**

**DeCRANE AIRCRAFT SEATING COMPANY, INC.,** a Wisconsin corporation,

Defendant.
_________________________________/

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT, FALSE MARKING, AND ATTORNEY'S FEES**

Defendant, DeCrane Aircraft Seating Company, Inc. ("DeCrane"), through counsel, responds to B/E Aerospace, Inc.'s ("B/E Aerospace") Amended Complaint as follows:

**THE PARTIES**

1. DeCrane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1. Accordingly, the allegations in Paragraph 1 are denied.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted that the action purports to be a claim for patent infringement. Otherwise denied.

4. Admitted for jurisdictional purposes only. Otherwise denied.

5. Admitted for jurisdictional purposes only. Otherwise denied.

6. Admitted for venue purposes only. Otherwise denied.

**FACTUAL BACKGROUND**

7. DeCrane denies that United States Patent No. 5,636,901 ("the '901 Patent") is valid or enforceable. DeCrane denies that B/E Aerospace has any right to seek the relief sought under the '901 Patent. Admitted that Exhibit A purports to be a copy of the '901 Patent. DeCrane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7. Accordingly, the remaining allegations in Paragraph 7 are denied.

8. DeCrane denies that United States Patent No. 5,795,025 ("the '025 Patent") is valid or enforceable. DeCrane denies that B/E Aerospace has any right to seek the relief sought under the '025 Patent. Admitted that Exhibit B purports to be a copy of the '025 Patent. DeCrane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8. Accordingly, the remaining allegations in Paragraph 8 are denied.

9. DeCrane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9. Accordingly, the allegations in Paragraph 9 are denied.

10. Admitted.

11. Admitted.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the ‘901 Patent)**

12. DeCrane incorporates its answers to Paragraphs 1 through 11.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the ‘025 Patent)**

18. DeCrane incorporates its answers to Paragraphs 1 through 11.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

24. One or more claims of the ‘901 Patent and the ‘025 Patent are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 102, 103 and/or 112.

SECOND AFFIRMATIVE DEFENSE

25. DeCrane has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally or under the doctrine of

equivalents, and is not liable for any infringement of any valid or enforceable claim of the ‘901 Patent or the ‘025 Patent.

THIRD AFFIRMATIVE DEFENSE

26. B/E Aerospace has not been injured in any manner as a result of any act of DeCrane.

FOURTH AFFIRMATIVE DEFENSE

27. Any damages or injuries claimed by B/E Aerospace were caused by its own acts or omissions.

FIFTH AFFIRMATIVE DEFENSE

28. B/E Aerospace has failed to mitigate, minimize or avoid any damages allegedly sustained.

SIXTH AFFIRMATIVE DEFENSE

29. Any relief sought by B/E Aerospace is barred by its unclean hands, patent misuse and inequitable conduct because, *inter alia*, B/E Aerospace has misrepresented the scope, validity and enforceability of its patents to gain an unfair market advantage and to suppress fair competition.

30. Upon information and belief, the ‘901 Patent or the ‘025 Patent are invalid and unenforceable because the patentee(s) knowingly failed to disclose information relevant to the patentability of the claimed inventions during prosecution before the U.S. Patent and Trademark Office, and submitted false declarations executed on July 5, 1995 and August 28, 1996, and thus violated the duty of candor and good faith required by 37 C.F.R. §1.56.

31. Upon information and belief, B/E Aerospace is aware that the patentee(s)

violated the duty of candor and good faith by, *inter alia*, failing to disclose sales and disclosures to Cessna Aircraft Company and others in 2003 and 2004 barring patentability, failing to disclose material prior art including products released by ERDA, Inc. and Israeli Aircraft Industries prior to the inventions claimed in the asserted patents, and by withholding its best mode or not having possession of the invention at the time of filing the asserted patents.

SEVENTH AFFIRMATIVE DEFENSE

32. Pursuant to 35 U.S.C. § 286, B/E Aerospace is barred from recovering any damages for acts that occurred more than six years before it filed this action.

EIGHTH AFFIRMATIVE DEFENSE

33. B/E has failed to comply with 35 U.S.C. § 287 and is barred from recovering any damages for acts that occurred prior to the date DeCrane received notice of alleged infringement.

NINTH AFFIRMATIVE DEFENSE

34. Pursuant to 35 U.S.C. § 288, B/E Aerospace is not entitled to any costs for this action.

TENTH AFFIRMATIVE DEFENSE

35. B/E Aerospace's claim is barred by the doctrines of equitable estoppel, laches, waiver, and acquiescence because, *inter alia*, B/E Aerospace and/or the assignor of the asserted patents were aware, or should have been aware, of the accused activity and failed to complain or provide notice of the asserted claims to the detriment of DeCrane.

36. DeCrane detrimentally relied on this silence.

37. B/E Aerospace and/or the assignor of the asserted patents voluntarily and intentionally delayed in enforcing any rights to the detriment of DeCrane.

38. By failing to allege that the accused activity violated its rights for a substantial period of time, B/E Aerospace and/or the assignor of the asserted patents voluntarily and intentionally released any right to seek the requested relief.

39. B/E Aerospace and/or the assignor of the asserted patents, by their silence, acknowledged that the accused activity was permissible.

40. Upon information and belief, Plaintiff has delayed in asserting the claims made in the Amended Complaint to increase the amount of damages claimed and/or to use the false and malicious claims as a marketing tool.

ELEVENTH AFFIRMATIVE DEFENSE

41. B/E Aerospace is barred by prosecution history estoppel from presenting an interpretation of the asserted claims of the ‘901 Patent or the ‘025 Patent necessary to find infringement by DeCrane.

TWELFTH AFFIRMATIVE DEFENSE

42. The relief requested exceeds what is permissible under law.

THIRTEENTH AFFIRMATIVE DEFENSE

43. DeCrane enjoys an implied license to practice some or all of the claims of the asserted Patents.

44. DeCrane’s license arose from the assignor of the asserted patents and/or B/E Aerospace’s inspection of the accused products years earlier and by the failure to object to the offer for sale of any products alleged to be covered by the Patents.

FOURTEENTH AFFIRMATIVE DEFENSE

45. DeCrane and/or a third party invented the subject matter claimed in the Patents prior to the named inventors in the asserted Patents and thus B/E Aerospace is not entitled to assert the Patents.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, DeCrane Aircraft Seating Company, Inc. ("DeCrane"), through counsel, hereby files its Counterclaims against Plaintiff/Counter-Defendant B/E Aerospace, Inc. ("B/E Aerospace"), and alleges as follows:

## NATURE OF COUNTERCLAIMS

1. This is an action for declaratory judgments of patent invalidity and noninfringement arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as well as the patent laws of the United States, Title 35 of the United States Code. This is also an action for false patent marking under 35 U.S.C. §292 and for attorney's fees under 35 U.S.C. § 285.

## PARTIES, JURISDICTION AND VENUE

2. DeCrane is a Wisconsin corporation having its principal place of business in Peshtigo, Wisconsin.

3. B/E Aerospace is a Delaware corporation having its principal place of business in Wellington, Florida.

4. There exists an actual controversy within the jurisdiction of this Court concerning the invalidity and noninfringement of United States Patents 5,636,901 and 5,795,025.

5. This Court possesses jurisdiction over the Counterclaims asserted herein pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6. B/E Aerospace has submitted to the jurisdiction of this Court by filing its Amended Complaint, thereby providing this Court with personal jurisdiction over B/E

Aerospace for the related claims asserted in this Counterclaim. Additionally, B/E Aerospace engages in business activities in interstate commerce throughout the United States, including within this judicial district and division. Upon information and belief, B/E Aerospace offers products with false patent markings in interstate commerce throughout the United States, including within this judicial district and division. B/E Aerospace is subject to the personal jurisdiction of this Court in accordance with the Florida Long-Arm Statute and Due Process.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400 and by reason of B/E Aerospace's choice of forum.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY AND/OR UNENFORCEABILITY**

8. DeCrane hereby incorporates by reference and realleges Paragraphs 1-7 of these Counterclaims and paragraphs 29 - 31 of DeCrane's Answer and Affirmative Defenses to Amended Complaint, as if fully set forth herein.

9. This Counterclaim arises under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

10. An actual controversy exists between DeCrane and B/E Aerospace by virtue of the allegations of the Amended Complaint as to whether United States Patents 5,636,901 ("the '901 Patent") and 5,795,025 ("the '025 Patent") are valid and/or enforceable.

11. The '901 Patent and the '025 Patent claims are invalid for violation of one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112. The '901 Patent and the '025 Patent are unenforceable for inequitable conduct as set forth in paragraphs 29 - 31 of DeCrane's Answer and Affirmative Defenses to Amended Complaint

12. To resolve the controversy between the parties, DeCrane is entitled to a declaratory judgment that certain claims of the '901 Patent and the '025 Patent are invalid and/or unenforceable.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT**

13. DeCrane hereby incorporates by reference and realleges Paragraphs 1-7 of these Counterclaims as if fully set forth herein.

14. This Counterclaim arises under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

15. B/E Aerospace has alleged and filed suit for alleged infringement by DeCrane of certain claims of the '901 Patent and the '025 Patent by virtue of DeCrane's manufacture, use, offering for sale, and sale of its products. Accordingly, an actual controversy exists between B/E Aerospace and DeCrane as to the alleged infringement of the '901 Patent and the '025 Patent.

16. DeCrane has not infringed any valid and enforceable claim of the '901 Patent or the '025 Patent.

17. To resolve the controversy between the parties, DeCrane is entitled to a declaratory judgment that the '901 Patent and the '025 Patent are not infringed.

**THIRD COUNTERCLAIM**
**AWARD OF ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

18. DeCrane hereby incorporates by reference and realleges Paragraphs 1-17 of these Counterclaims and paragraphs 29 - 31 of DeCrane's Answer and Affirmative Defenses to Amended Complaint, as if fully set forth herein.

19. This is a counterclaim for attorneys' fees under Title 35, Section 285, of the United States Code.

20. In light of B/E Aerospace's bad faith initiation and/or maintenance of this lawsuit claiming infringement of the '901 Patent and the '025 Patent, which B/E Aerospace knew or should have known were not infringed and/or invalid, this is an "exceptional case" under 35 U.S.C. § 285.

21. DeCrane is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM**
**FALSE PATENT MARKING PURSUANT TO 35 U.S.C. § 292**

22. DeCrane hereby incorporates by reference and realleges Paragraphs 1-7 of these Counterclaims as if fully set forth herein.

23. This is a counterclaim for false marking under Title 35, Section 292, of the United States Code.

24. B/E Aerospace manufactures and sells aircraft seat products, including without limitation the Ultimate Comfort Technology ("UCT") product line.

25. B/E Aerospace has manufactured and sold aircraft seat products marked with the following United States Patent Numbers: 5,568,960; 5,161,765; 5,636,901; 5,624,160; 4,482,234; 5,651,514; 5,681,091; 5,868,472; 5,921,629.

26. B/E Aerospace has marked aircraft seat products with United States Patent 4,482,234 that are not covered by any claims of that patent.

27. B/E Aerospace does not own or have a license to United States Patent

4,482,234.

28. B/E Aerospace is not authorized to mark its aircraft seat products with United States Patent 4,482,234.

29. United States Patent No. 4,482,234 is expired.

30. B/E Aerospace knows, or reasonably should know, that United States Patent No. 4,482,234 is expired.

31. B/E Aerospace knows, or reasonably should know, that United States Patent No. 4,482,234 does not cover any aircraft seat products on which it is marked.

32. B/E Aerospace knows, or reasonably should know, that it does not have the right to mark United States Patent No. 4,482,234 on its aircraft seat products.

33. Upon information and belief, B/E Aerospace has manufactured and sold aircraft seat products marked with United States Patent No. 4,842,234.

34. United States Patent No. 4,842,234 is expired.

35. B/E Aerospace knows, or reasonably should know, that United States Patent No. 4,842,234 is expired.

36. B/E Aerospace does not own or have a license to United States Patent 4,842,234.

37. B/E Aerospace is not authorized to mark its aircraft seat products with United States Patent 4,842,234.

38. Upon information and belief, B/E Aerospace has marked aircraft seat products with United States Patent 4,842,234 that are not covered by any claims of that patent.

39. B/E Aerospace knows, or reasonably should know, that it does not have the right to mark United States Patent No. 4,842,234 on its aircraft seat products.

40. Upon information and belief, B/E Aerospace has marked aircraft seat products with United States Patent Nos. 5,568,960; 5,161,765; 5,636,901; 5,624,160; 5,651,514; 5,681,091; 5,868,472; and 5,921,629, and such products are not covered by each patent listed.

41. Upon information and belief, B/E Aerospace knows, or reasonably should know, that marking aircraft seat products with expired patents, patents that don't cover the marked products, and patents under which B/E Aerospace has no rights or authorization is a violation of 35 U.S.C § 292.

42. Upon information and belief, B/E Aerospace marked aircraft seat products with expired patents, patents that don't cover the marked products, and patents under which B/E Aerospace has no rights or authorization for the purpose of deceiving the public into believing that the marked products are covered or protected by each of the listed patents.

43. Each time B/E Aerospace makes, has made, uses, offers to sell, or sells within the United States or imports into the United States, aircraft seating products having false patent markings, such as described above, B/E Aerospace commits at least one "offense," as defined in 35 U.S.C. § 292.

44. B/E Aerospace has sold thousand of aircraft seats marked with patents that are expired.

45. B/E Aerospace has sold thousand of aircraft seats marked with patents that do not cover the marked product.

46. B/E Aerospace has sold thousand of aircraft seats marked with patents that B/E Aerospace does not own, license, or have authorization to mark upon products.

## REQUEST FOR RELIEF

WHEREFORE, DeCrane requests this Court:

A. Deny all relief requested by B/E Aerospace in its Amended Complaint, and dismiss the Amended Complaint with prejudice;

B. Enter a judgment declaring United States Patents 5,636,901 and 5,795,025 invalid and unenforceable;

C. Enter a judgment declaring United States Patents 5,636,901 and 5,795,025 not infringed by DeCrane;

D. Enter a judgment awarding DeCrane its costs, attorneys' fees and other relief, both legal and equitable, to which DeCrane may be justly entitled;

E. Enter a judgment declaring that this case exceptional under 35 U.S.C. § 285 and that DeCrane is entitled to recovery of reasonable attorneys' fees;

F. Enter a judgment finding B/E Aerospace violated 35 U.S.C. §292:

G. Enter a judgment fining B/E Aerospace not more than $500 per offense under 35 U.S.C. §292, and directing B/E Aerospace to pay half of the imposed fine to the United States government and the other half to DeCrane; and

H. For such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Defendant requests a trial by jury on all issues so triable.

Respectfully submitted August 27, 2009.

*/s/Brian R. Gilchrist*
Brian R. Gilchrist, FL Bar #774065
bgilchrist@addmg.com
Jeffrey S. Boyles, FL Bar #722308
jboyles@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
255 South Orange Ave., Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: 407/841-2330
Facsimile: 407/841-2343

Scott J. Spolin, CA Bar #48724
spolin@sposilco.com
Brian E. Shear, CA Bar #126332
shear@sposilco.com
David J. Masutani, CA Bar #172305
masutani@sposilco.com
SPOLIN SILVERMAN & COHEN LLP
100 Wilshire Boulevard, Suite 1400
Santa Monica, CA 90401
Telephone: 310/586-2400
Facsimile: 310/586-2444

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2009, I presented the foregoing to the Clerk of the Court for filing and uploading to the Case Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

Darren Cahr, Esq,
darren.cahr@dbr.com
Edwin A. Getz, Esq.
edwin.getz@dbr.com
David Frey, Esq.
david.frey@dbr.com
DRINKER, BIDDLE & REATH, LLP
191 North Wacker Drive, Ste. 3700
Chicago, IL 60606-1698
Telephone: 312/569-1000
Facsimile: 312/569-3000

Trial Counsel for Plaintiff

Gary S. Betensky, Esq.
gbetensky@richmangreer.com
Michael J. Napoleone, Esq.
mnapoleone@richmangreer.com
RICHMAN GREER, P.A.
250 S. Australian Avenue, Ste. 1504
West Palm Beach, FL 33401
Telephone: 561/803-3500
Facsimile: 561/820-1608

James V. Etscorn, Esq.
jetscorn@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407/649-4000
Facsimile: 407/841-0168

Local Counsel for Plaintiff

*/s/Brian R. Gilchrist*